Argued at Pendleton, October 31, modified November 22, costs
retaxed December 6, 1927.

## EARL F. CRANSTON v. A. N. INGLE ET AL.

### (261 Pac. 55.)

**Contribution—Evidence Held to Show Common Understanding That
Corporation Director Suing on Note, as Well as Codirectors,
Should be Liable.**

1. In action on note, executed by directors of corporation to one
of their number, evidence *held* to show common understanding that
plaintiff, as well as defendant codirectors, should be responsible for
discharge of obligation.

**Equity—Equity Retains Jurisdiction Until Full Justice is Done.**

2. Equity will retain jurisdiction, acquired by plea setting forth
equitable defense to action on note, until full justice is done.

**Contribution—Doctrine of "Contribution" Arises from Equitable
Principles, so That One of Several Parties is Aequali Jure shall
not be Obliged to Bear Common Burden Alone.**

3. Doctrine of "contribution" is not founded on contract, but
comes from application of equitable principles, in order that one of
several parties standing in *aequali jure* shall not be obliged to bear
common burden alone.

**Contribution—Director Depositing Amount of Note, Executed to
Him by All Directors, to Corporation's Credit, Held Entitled to
Contribution of Half of Amount by Only Other Solvent Director.**

4. One of two insolvent directors of corporation *held* entitled to
contribution from other for half of amount deposited in bank by
former to corporation's credit, instead of disposing of note for such
amount, executed to him by all directors, as contemplated by them.

**Process—Defendant Interposing Equitable Answer in Law Action
cannot Object to Failure to Serve Codefendant.**

5. Defendant interposing equitable answer in action on note is
in no position to object to failure to serve codefendant.

Appeal and Error, 4 C. J., p. 702, n. 56.
Contribution, 13 C. J., p. 821, n. 6, 7, p. 825, n. 60.
Equity, 21 C. J., p. 134, n. 5, p. 200, n. 6.

From Malheur: DALTON BIGGS, Judge.

2. See 10 R. C. L., Equity, § 120.
3. See 6 R. C. L., Contribution, § 2.

In Banc.

This is an action upon a promissory note for $3,250; it is a companion case to *Cranston* v. *Stanfield et al., post,* p. 314 (261 Pac. 52).

The complaint, in the usual manner, alleges that the defendants executed the note and delivered it to the plaintiff; it alleges nonpayment and reasonable attorney's fees and interest; it asks for judgment. The same three individuals who were defendants in *Cranston* v. *Stanfield et al.* are also defendants in this case. Only Stanfield filed an answer; the only portion of it with which we need concern ourselves alleges, that the three defendants and plaintiff were the stockholders in a corporation; that the corporation became financially involved and was badly in need of $6,500; that the defendants, together with the plaintiff, agreed to borrow $6,500 on their joint and several notes for the accommodation of the corporation; that they agreed that when the loan should be procured, the liability of each to the others should be limited to one fourth of the aggregate amount of the loan in the event that the corporation should fail to pay; that they then applied to William Pollman, a banker, for a loan of $6,500; that he refused to loan that amount, but agreed to let them have one half of it if the plaintiff would loan the other half, which the plaintiff thereupon agreed to do. It is averred that they executed to Mr. Pollman a note for $3,200, and that the plaintiff and the three defendants signed it; that is the note mentioned in the other case. Next the answer alleges that at the same time the four agreed to sign another note with the plaintiff as payee, for the sum of $3,250; that plaintiff should negotiate it and thus procure $3,250 for the use of the

corporation; that it was agreed that the liability of the four among themselves upon this note should be the same as upon the Pollman note. The answer then sets forth that the plaintiff has failed to negotiate the note; that he failed to sign it, but retains possession of it. It continues as follows:

"That the note herein declared upon is not the note that the defendants agreed to be liable upon but should also show the liability of the plaintiff, E. F. Cranston, for one-fourth part thereof. * * That in fraud of these defendants the plaintiff has failed to negotiate the said note or to endorse or sign the same and that the said note is not the note agreed to be made or signed by the parties and that by misrepresentation and fraud of the plaintiff he has retained the said note for the purpose of thereby wronging and defrauding the answering defendant, and the other defendants, and to relieve himself of the liability of one-fourth of the total obligation which the four parties, the plaintiff and the three defendants, agreed they should bear equally and in equal proportions, being one-fourth only for each of the said parties, and that the defendant is not liable upon the said note in any manner whatever. * * That the plaintiff herein retained and held the said note with full knowledge and understanding of the agreement by and between himself and the other officers of said Dredging Company, the defendants as hereinabove alleged, and that he is not a holder in due course, and that he took the same with knowledge and notice of the agreement by and between the said parties that there should be no liability thereon unless and until all four of said directors should sign the same in such manner as to show the liability of all, and knew that the same did not represent, and was not made in accordance with, the said understanding and agreement, and this defendant had no knowledge or information of the condition of said

note until he was served with summons and complaint herein.''

The evidence shows that upon the same day when Pollman placed to the credit of the corporation the sum of $3,250, the plaintiff put into the bank account of the corporation $3,250. These sums the corporation disbursed for its own account. Plaintiff had decree as prayed for.                    MODIFIED.

For appellant there was a brief over the names of *Messrs. Nichols, Hallock & Donald* and *Messrs. Davis & Lytle,* with an oral argument by *Mr. Blaine Hallock.*

For respondent there was a brief and oral argument by *Mr. Chas. H. Kahn.*

ROSSMAN, J.—1. We have carefully considered the evidence; we do not believe that it supports the defendant Stanfield's contention that the parties agreed to limit their liability by way of contribution to one fourth of the amount of the loan. We are clearly convinced, however, that the common understanding was that the plaintiff, as well as the three defendants, should be responsible for the discharge of this obligation. The evidence shows that the four men applied to Mr. Pollman for $6,500; the plaintiff concedes that had they obtained from him that sum of money, he would have attached his signature to the note; when Mr. Pollman refused to loan $6,500 and suggested that the plaintiff loan half of it, the four men did not enter into a new arrangement for the eventual discharge of the debt; nor did they alter their relationship to each other; all four still remained the stockholders and the directors of the cor-

poration; it was this interest in a common venture which created the desire for the $6,500 and which made them feel a duty resting upon all four to eventually discharge the debt; thus all four signed the Pollman note. These facts, together with the other evidence offered at the trial, convince us that the duty to discharge this note as well as the Pollman note belongs to all four of the men, and not to three only of them. The plaintiff clearly understood this, and so stated after all but himself had signed this note; thus, one of the witnesses testified, without contradiction, "We signed the note, and after it was signed I said, 'Cranston hasn't his name on the note.' 'Well,' he said, 'I have got plenty of time to put my name on it. I figure I will have it all to pay anyway.' "

The plan to have all four sign was due to the fact that they desired to make the note as easy to dispose of as possible; this same purpose led them to insert 8 per cent as the rate of interest instead of 6 per cent, which was the rate in the Pollman note. Perhaps a note with Cranston both as payee and also as one of the makers is somewhat unusual; but when we bear in mind that their plan was to have Cranston dispose of the note to a purchaser, we see that by inserting his name as payee they thought that they were doing something which would enable the plaintiff to more readily dispose of the note; in other words, all that it would be necessary for him to do would be to endorse it. The plan would have been more in harmony with ordinary usages, had they left the space of the payee blank and had given the plaintiff authority to insert the payee's name when he found someone willing to take their note. The evidence leaves

no doubt as to what they had in mind; their plan, however, was interrupted when the plaintiff, instead of disposing of the note to some third party, kept it, put $3,250 in the bank to the credit of the company, and then last of all failed to sign the note.

2-5. These being the facts, what relief is the plaintiff entitled to? We can best measure out this relief if we consider that as done which should have been done; that is, if we regard the note as being in the possession of a third party, with the signature of the plaintiff and the three defendants attached to the note as makers. The plaintiff now bears the entire burden of a debt which should be shared by all four. Two of the four are insolvent; the defendant and the plaintiff alone are solvent. The plea sets forth an equitable defense. Equity will retain jurisdiction until full justice is done. The equitable doctrine of contribution is to the effect that,—

"When the parties stand in *aequali jure,* the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. It is founded on principles of equity and natural justice and does not arise from contract. In other words, the doctrine of contribution is not founded on contract, but comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation." 13 C. J., p. 821.

Under the circumstances the plaintiff himself should bear one half the burden and the defendant Stanfield the other. The decree should be so modified. We are aware of the fact that the insolvent defendant, Adrian, was not served. However, it was

the defendant Stanfield who interposed the equitable answer; he therefore is in no position to object to the absence of Adrian.   Decree modified as above.   Costs to defendant Stanfield.                    MODIFIED.

BELT, J., did not participate in this decision.